USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 18, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
MALIBU MEDIA, LLC, :
:
              Plaintiff, :
: No. 15 Civ. 4381 (JFK)
  -against- :
: **OPINION & ORDER**
JOHN DOE, :
:
             Defendant. :
-----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Plaintiff Malibu Media, LLC's ("Malibu") motion to serve a third-party subpoena on Defendant John Doe's internet service provider ("ISP"), Verizon Internet Services ("Verizon"), in order to discover Defendant's true identity. For the reasons explained below, the motion is granted.[1] However, following the example set by other courts in this district, and upon Plaintiff's consent, the subpoena shall be subject to a protective order.[2]

    Ordinarily, a party may not initiate discovery before the Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1). A court may, however, order expedited discovery upon a showing of good cause and reasonableness. See Digital Sin, Inc. v. Does 1-27,

---

[1] This order is entered contemporaneously with a nearly identical order in another case. See Malibu Media, LLC v. Doe, No. 15 Civ. 4743.

[2] The Court's protective order is modeled after one entered by Judge Richard J. Sullivan in a similar case. See Malibu Media, LLC, v. Doe, No. 15 Civ. 1862, ECF No. 12 (S.D.N.Y. Apr. 6, 2015).

No. 12 Civ. 3873, 2012 WL 2036035, at *3 (S.D.N.Y. June 6, 2012); Stern v. Cosby, 246 F.R.D. 453, 457 (S.D.N.Y. 2007).

This is well-worn territory for Malibu and similar plaintiffs alleging copyright infringement of erotic movies by John Doe defendants. See Malibu Media, LLC v. Does 1-5, No. 12 Civ. 2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012); Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 171 (S.D.N.Y. 2012); Malibu Media, LLC v. Does 1-4, No. 12 Civ. 2955, 2012 WL 3104887, at *2 (S.D.N.Y. July 31, 2012); Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241–42 (S.D.N.Y. 2012); see also Malibu Media, LLC v. Doe No. 4, No. 12 Civ. 2950, 2012 WL 5987854, at *2–4 (S.D.N.Y. Nov. 30, 2012) (denying motion to quash).  As these other courts have concluded in analogous situations,[3] Plaintiff has satisfied the "flexible standard of reasonableness and good cause," and therefore will be allowed to subpoena Verizon. See, e.g., Malibu Media, 2012 WL 3104887, at *2.  Plaintiff has no other means of learning Defendant's name and address, and the ISP is "statutorily prohibited from providing this information to Malibu Media absent a court order." Id.; see also 47 U.S.C. § 551(c).  Therefore, Plaintiff's motion to subpoena Verizon is granted.

---

[3] Courts have not been uniform in granting such motions. See Malibu Media, LLC v. Doe, No. 15 Civ. 4369, 2015 WL 4092417, at *4–6 (S.D.N.Y. July 6, 2015); Malibu Media, LLC v. Doe, No. 15 Civ. 1883, 2015 WL 3651566, at *2–4 (S.D.N.Y. June 5, 2015).

Normally, the Court would stop there.  But courts in this district have expressed concern, implicitly acknowledged by Plaintiff, that disclosure of a defendant's name or other identifying information in cases involving infringement of adult films could lead to abusive litigation through coercion. See,e.g., <u>Malibu Media, LLC v. John Does 1-5</u>, 285 F.R.D. 273, 278 (S.D.N.Y. 2012) ("[T]here is a fear that regardless of a defendant's actual culpability, he may feel compelled to settle the lawsuit confidentially in order to avoid the embarrassment of being named as a defendant in a case about the alleged illegal trading of a pornographic film." (internal quotation marks omitted)).  This Court, at this stage of the litigation, is not in a position to know whether or not Plaintiff has or will engage in coercion. <u>See</u> <u>Malibu Media, LLC v. Doe</u>, No. 15 Civ. 1834, 2015 WL 4403407, at *(S.D.N.Y. July 20, 2015) ("It would be unfair to assume that Malibu would employ abusive litigation tactics without any evidence.").  It notes, however, that it is well aware of the potential for abuse in these types of cases.[4]  Boiled down, the essence of such litigation abuse is

---

[4] Indeed, some courts have noted a series of quick, low-value settlements suggestive of a shake down. <u>See, e.g.,</u> <u>Malibu Media</u>, 2015 WL 4092417, at *2–3. While the Court takes this concern seriously, there are any number of reasons free from coercion that a defendant may choose to settle, including culpability. The protective order helps remove coercion from a defendant's calculation.

3

a plaintiff's pressuring of a defendant to settle by threatening to disclose his or her identity and thus forever linking the defendant with the pornographic films at issue. Courts' concern comes from a defendant potentially settling only so that his or her name is not associated with pornographic movies, whether or not the plaintiff could prove infringement. Consider a hypothetical defendant innocent of infringement. He faces a dilemma: settle a spurious claim to avoid guilt by association or litigate and suffer embarrassment.

Courts, aware of this potential for unfairness, have fashioned appropriate protective orders to preserve Plaintiff's and Defendant's right to litigate (or settle) the claims free from coercion. See, e.g., Malibu Media, 2012 WL 3104887, at *3; see also Malibu Media, LLC v. Doe, No. 15 Civ. 1862, 2015 WL 4271825, at *2–3 (S.D.N.Y. July 14, 2015) (granting motion to proceed anonymously). To Plaintiff's credit, it has acknowledged the potential for abuse and states that its policy is to allow defendants to proceed anonymously and would consent to a protective order.[5] (Mem. 6–7.)

The Court finds that this approach strikes the right balance. It allows Plaintiff the opportunity to protect its

---

[5] If Plaintiff is serious about this litigation strategy, it should consider including language for a protective order in the draft orders it routinely submits to courts, particularly since courts in this district have routinely entered such orders.

alleged copyright, and gives Defendant the chance to challenge Plaintiff on the merits (or to settle) without the fear of being linked to pornographic movies, particularly when there is the very real possibility of a false association. See <u>Patrick Collins, Inc. v. Does 1-4</u>, No. 12 Civ. 2962, 2012 WL 2130557, at * (S.D.N.Y. June 12, 2012) ("Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection.  There is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations.") Therefore, the court also issues a protective order.

    Plaintiff may only subpoena Verizon to obtain Plaintiff's name and address.  Plaintiff may only use Defendant's name and address, if obtained from Verizon, for the purposes of this litigation.  Plaintiff is therefore ORDERED to not disclose Defendant's name, address, telephone number, email, social media username, or any other identifying information, other than Defendant's ISP number, that Plaintiff may subsequently learn. Plaintiff shall not threaten to disclose any of Defendant's identifying information.  Defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after Defendant has had an opportunity to challenge the disclosure.  Therefore, Plaintiff is ORDERED

not to publicly file any of Defendant's identifying information and to file all documents containing Defendant's identifying information under seal. With that in mind,

IT IS FURTHER ORDERED Plaintiff may immediately serve a Rule 45 subpoena on third party Verizon to obtain information to identify the Defendant's name and current and permanent address. Plaintiff is expressly not permitted to subpoena the ISP for the Defendant's email addresses or telephone numbers.

IT IS FURTHER ORDERED THAT Plaintiff shall serve a copy of this Order along with the subpoena.

IT IS FURTHER ORDERED THAT Verizon will have 60 days from the date of service of the Rule 45 subpoena upon it to serve Defendant John Doe with a copy of the subpoena and a copy of this Order. The ISP may serve Defendant John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

IT IS FURTHER ORDERED THAT Defendant John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of Defendant John Doe to Plaintiff before the

expiration of this 60-day period. Additionally, if the Defendant or ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

IT IS FURTHER ORDERED THAT third party Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

IT IS FURTHER ORDERED THAT third party Verizon shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Verizon receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

IT IS FURTHER ORDERED THAT any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

**SO ORDERED.**

Dated:   New York, New York
         August 18, 2015

*John F. Keenan*
John F. Keenan
United States District Judge